(Not for Publication)

IN THE UNITED STATES DISTRICT COURT<br>
FOR THE DISTRICT OF NEW JERSEY<br>
CAMDEN VICINAGE

_____
:
PATRICIA HARGROVE,                  :
                                    :
             Petitioner,            :    Civil No. 04-3789 (RBK)
                                    :
        v.                          :    **OPINION**
                                    :
UNITED STATES OF AMERICA,           :
                                    :
             Respondent.            :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion by the United States of America (the "Government") to dismiss a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed pro se by plaintiff Patricia Hargrove ("Hargrove"). For the reasons set forth below, the Government's motion will be granted, and Hargrove's petition will be dismissed.

**I.  BACKGROUND**

On September 22, 2003, Hargrove pled guilty to three counts of bank embezzlement, in violation of 18 U.S.C. § 656. On February 4, 2004, this Court sentenced Hargrove to 15 months imprisonment followed by 5 years of supervised release and ordered her to pay restitution of $72,700 to Wachovia Bank. As part of Hargrove's sentence, this Court also recommended that the Bureau of Prisons ("BOP") place Hargrove in the Inmate Financial Responsibility Program

and the Shock Incarceration Program, also known as "Boot Camp."

On March 19, 2004 Hargrove self-surrendered to the Byran Federal Prison Camp Intensive Confinement Center in Byran, Texas, with the intention of enrolling in the "Boot Camp" program offered at that facility. Hargrove, however, was not placed in the "Boot Camp" Program. As a result, she wrote a letter dated May 28, 2004 to T.A. Jones ("Jones"), an Intensive Confinement Center administrator, asking why she had not been placed in "Boot Camp." Jones responded in writing to Hargrove on June 1, 2004. In her response, Jones stated that Hargrove was not eligible for the "Boot Camp" program because she exhibited the requisite education and work skills needed for a "successful return to the community" following her period of imprisonment. Hargrove was thereafter transferred to the Federal Correctional Facility at Danbury, Connecticut.

On August 3, 2004, Hargrove filed a petition for relief under 28 U.S.C. § 2255. In her petition, Hargrove alleges that she should have been allowed to participate in the "Boot Camp" program, which would have allowed her to serve the last six months of her sentence in a Community Confinement Center. Hargrove bases her petition on four claims: (1) she was denied the opportunity to participate in the Court-recommended Intensive Confinement Center "Boot Camp" program; (2) an extraordinary family hardship occurred as a result of her incarceration; (3) her Fifth Amendment due process rights were violated by not being allowed to enlist in "Boot Camp" as recommended by this Court; and (4) the Bureau of Prisons violated her rights guaranteed under the Eighth Amendment by denying her the opportunity to participate in "Boot Camp" as recommended by this Court.

Since the filing of this petition, Hargrove completed her prison term (including the

Inmate Financial Responsibility Program) and began her term of supervised release on April 19, 2005. This Court directed the Government to file an answer to Hargrove's petition by Order dated May 17, 2006. The Government filed the motion to dismiss presently before this Court on June 14, 2006.

## II. DISCUSSION

In its motion to dismiss Hargrove's petition filed under 28 U.S.C. § 2255, the Government contends that Hargrove's petition should be dismissed because it should have been filed under 28 U.S.C. § 2241 and because her claim is now moot. This Court agrees.

### A. Section 2255 Analysis

Hargrove brings her petition pursuant to 28 U.S.C. § 2255. Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Thus, Hargrove is entitled to relief only if she can establish that she is in custody in violation of federal law or the Constitution.

Inasmuch as Hargrove does not challenge the legality or validity of the sentence imposed by this court, but rather challenges only the manner in which her sentence should be served, her claim in not cognizable under § 2255. To the contrary, her claim should have been brought under 28 U.S.C. § 2241. On this issue, the Third Circuit has explained:

3

> Section 2255, which like Section 2241 confers habeas corpus jurisdiction over petitions from federal prisoners, is expressly limited to challenges to the validity of the petitioner's sentence. Thus, Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.

Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Similarly, the Third Circuit has held that an inmate's request for transfer from a prison to a Community Confinement Center is a challenge to the execution of the sentence, not its validity. Woddall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005). Thus, "a 'challenge to the place of imprisonment' is 'properly brought under Section 2241.'" Id. at 242 (quoting Coady, 251 F.3d at 485. Accordingly, Hargrove's motion was improperly brought under §2255 and should be dismissed.

    **B.**    **Mootness Analysis**

Even if this Court were to deem Hargrove's petition as properly brought under §2241, however, her petition should likewise be dismissed, as the petition is moot. As of April 19, 2005, Hargrove began serving a five-year term of supervised release. Consequently, this Court can no longer address Hargrove's complaints about her place of imprisonment because they are moot.

The Third Circuit has stated that "a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996) (citing Powell v. McCormack, 395 U.S. 486, 496 (1969)). Due to Article III's "case or controversy" requirement, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak, 77 F.3d at 689-99.

Even when a litigant is unable to meet the requirements of the general mootness inquiry, however, the litigant may invoke an exception to the mootness doctrine to gain judicial review.

> There are four exceptions [within the Third Circuit] to the mootness doctrine, so that a court will not dismiss a case as moot if: (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

Chong v. INS, 264 F.3d 378, 384 (3d Cir. 2001) (citing Artway v. Attorney Gen. of State of N.J., 81 F.3d 1235, 1246 n.6 (3d Cir. 1996)).

In the instant matter, it is clear that this Court can no longer grant Hargrove the relief that she seeks in her petition. Hargrove's personal stake in the outcome of this claim was effectively terminated upon her transition into supervised release. Similarly, Hargrove's situation does not trigger any of the exceptions to the mootness inquiry. Hargrove does not challenge the legality of her conviction, the length of her confinement, or her term of supervised release. Moreover, Hargrove does not contend that her incarceration caused her any collateral injury that could be remedied by this Court. Accordingly, Hargrove's petition must be dismissed.

### III.  CONCLUSION

For the foregoing reasons, this Court will grant the Government's motion to dismiss Hargrove's petition. The accompanying Order shall issue today.

Dated: February 1, 2007                              s/ Robert B. Kugler
                                                                  ROBERT B. KUGLER
                                                                    United States District Judge